[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Saylor White is appealing from the dismissal of his complaint against Marie Hart, defendant, and the judgment entered by the court, after a bench trial held on June 26, 1998, against White on Hart's counterclaim in the amount of $5,671.70, plus interest. The court found, based upon testimony by witnesses at the hearing, that most of the construction work White performed on Hart's house was done in a negligent manner and reduced the value of the house. The court also ordered White to remove the mechanic's lien he had placed on Hart's property no later than fourteen days from the entry of judgment, which was on July 10, 1998.
On appeal, White raises only a single assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A CONTINUANCE WHEN APPELLANT'S COUNSEL WAS GRANTED LEAVE TO WITHDRAW NINE DAYS BEFORE TRIAL.
White is represented by counsel on appeal, but at the trial he proceeded pro se, and the basis of his argument is that the trial court did not allow him time to acquire new counsel. White had placed a mechanic's lien on Hart's property and, after receiving a notice to commence suit with respect to the lien from Hart's counsel, he filed the action in the Dayton Municipal Court on September 24, 1997. White was represented by counsel from the beginning, and the trial was actually set for April 14, 1998. However, White moved for a request to view the premises six daysbefore the trial date. The court granted the motion and then continued the trial date to May 22, 1998.
In January, 1998, a substitution of counsel for White was filed, and it was specifically stated in the notice of substitution that the new attorney had been involved with this case "from its inception, and that the within substitution of counsel shall not disturb the progression of this case to trial, as presently scheduled." Docket 8. However, on May 20, the new counsel moved for a continuance of the trial date for the reason that he discovered he had a conflict of interest with regard to one of the witnesses that was scheduled to appear. In his motion, White's then attorney named another attorney who had agreed to substitute as counsel in the action.
Hart's counsel issued subpoenas for three witnesses to appear on her behalf on the scheduled date, but on June 19, seven daysbefore trial, White, pro se, moved for a third continuance of trial on the grounds that he had been unable to obtain new counsel and requested an additional thirty — sixty days to obtain counsel and "be prepared to proceed with trial." Docket 18. The trial court overruled the motion on the same day, noting that the case had been set for trial and continued twice before. White appeared on the scheduled day and time and again moved for continuance which was again overruled by the court, and the case proceeded to a full bench trial with five witnesses, including the parties, giving extended testimony. The transcript indicates that White participated very thoroughly in the hearing and presented all the evidence he could in his favor.
In the seminal case of Ungar v. Sarafite (1964),376 U.S. 575, the United States Supreme Court held that the question of a continuance is traditionally within a trial court's discretion, that not every denial of a request for more time violates due process, and whether denial of the continuance is so arbitrary as to violate due process depends on the facts of each case. TheUngar decision was cited by the Ohio Supreme Court in holding that "the grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." (Citations omitted.) State v. Unger (1981), 67 Ohio St.2d 65, 67-68, 21 O.O.3d 41, 43. See also State v. Bayless (1976), 48 Ohio St.2d 73, at 101.
The Supreme Court in Unger provided the following guidelines for use in considering a motion for continuance:
 Appellant urges us to adopt, in reviewing the trial court's exercise of discretion, a balancing test which takes cognizance of all the competing considerations. We wholeheartedly agree. Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or [68] whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which give rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. [Citations omitted.]
Unger at 43.
These guidelines have been adhered to by appellate courts in evaluating decisions of a trial court on a motion for continuance. See e.g., State v. Holmes (1987), 36 Ohio App.3d 44.
In evaluating the motion for continuance in the case subjudice, we note that White had over a month of time in order to retain new counsel, not just the seven days from his written motion. The record does not reveal why White did not go forward with the previous counsel suggested to him and named in the motion for substitution of counsel. As noted, witnesses for Hart had been subpoenaed and appeared on the day of the trial. The transcript of the trial reveals that the court noted the previous two continuances in overruling White's third motion for continuance before the trial began. Had the trial been continued a third time, Hart would clearly have been prejudiced in the presentation of her case since she would have had to subpoena her witnesses all over again and, with the mechanic's lien being on her property, her title continued to be clouded.
The standard of review being abuse of discretion, State v.Unger, supra, if we were to reverse, we would have to find that the court's attitude in overruling the third motion for continuance was "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Not only can we find no abuse of discretion on the part of the trial court in overruling the third motion for continuance, we find the trial court's decision was amply justified.
The assignment of error is overruled, and the judgment is affirmed.
By motions presented to this court, Hart has alleged that White has never removed the mechanic's lien, even though ordered to by the trial court, and, furthermore, never filed the supersedeas bond which the trial court subsequently ordered White to do while staying the judgment pending appeal. As recently as January 5, 1999, Hart, through counsel, moved for an order lifting the stay of execution of the judgment in order to obtain removal of the mechanic's lien against her real estate. We find that White's refusal to earlier remove his mechanic's lien, as initially ordered by the trial court, and his subsequent failure to post the supersedeas bond, evidence a contempt for the judicial system. Therefore, instead of simply affirming the judgment, we are remanding the case back to the trial court in order that it may take the necessary steps to effectuate its judgment, which may not only require the removal of the mechanic's lien, but also a contempt proceeding against White with appropriate sanctions.
WOLFF, J. and FAIN, J., concur.
G. Richard Wilson
Amy B. Spiller
Gregory F. Singer
Hon. John S. Pickrel